PROB 12C
(Rev. 2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: Shawn Lemont Webb     Case Number: 3:13-00029

Name of Sentencing Judicial Officer: Honorable Jack T. Camp, U.S. District Judge, ND/GA

Name of Current Judicial Officer: Honorable William J. Haynes, Jr., Chief U.S. District Judge

Date of Original Sentence: January 8, 2001

Original Offense: 21 U.S.C. § 841 & 846 Conspiracy to possess With the Intent to Distribute Cocaine

Original Sentence: 98 months' custody followed by five years' supervised release

Type of Supervision: Supervised release     Date Supervision Commenced: September 27, 2007

Assistant U.S. Attorney: Lynne Ingram     Defense Attorney: Sumter L. Camp

---

### PETITIONING THE COURT

  **X**   To issue a Summons.
  ___   To issue a Warrant

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this 28th day of February, 2014,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the
foregoing is true and correct.
Respectfully submitted,

_____
Kimberly Haney
U.S. Probation Officer

Place     Nashville, TN

Date     February 27, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

1. **The defendant shall refrain from any unlawful use of a controlled substance.**

   On December 12, 2013, Mr. Webb tested positive for marijuana use.

   Mr. Webb reported to the probation office on December 12, 2013, as instructed, as part of the random drug testing program. He submitted a urine specimen which tested positive for marijuana. Mr. Webb denied use. The specimen was sent to the laboratory for confirmation and was confirmed positive for marijuana. He later admitted to using marijuana at a family holiday gathering.

2. **The defendant failed to report for drug testing as instructed.**

   On December 30, 2013, Mr. Webb failed to report, as instructed, as part of the random drug screen testing program.

   Per the conditions of supervised release, Mr. Webb is ordered to participate in a program of drug testing. As a result, he is enrolled in a random drug screen testing program at the probation office. On December 30, 2013, Mr. Webb failed to report to the probation office for a drug screen because he reportedly thought the office was closed for the holidays.

3. **The defendant shall refrain from any unlawful use of a controlled substance.**

   On January 8, 2014, Mr. Webb tested positive for marijuana use.

   Mr. Webb reported to the probation office on January 8, 2013, as instructed by the probation officer. He missed a drug test on December 30, 2013. He submitted a urine specimen which tested positive for marijuana. Mr. Webb admitted that he smoked marijuana the previous week during the holidays. The specimen was sent to the laboratory for confirmation and was confirmed positive for marijuana.

4. **The defendant shall not commit another federal, state, or local crime.**

   On January 19, 2014, Mr. Webb was arrested by Sumner County Sheriff's Department, and charged with Driving Under the Influence and Implied Consent, in Gallatin, Sumner County, Tennessee. He is scheduled to appear in court on March 4, 2014.

   According to the affidavit of complaint, on January 14, 2014, at approximately 4:45 a.m., the police officer observed a white Jeep Compass driving southbound on Highway 31 East near Deshea Creek. The officer observed the vehicle swerve across the double yellow center line two times and across the fog line at least five times.

        The officer stopped the vehicle and upon contact with the driver, Shawn Webb, the officer observed Mr. Webb to be disoriented with watery eyes, slurred and mumbled speech, and an odor of alcohol coming from his breath. When initially asked how much he had to drink, Mr. Webb stated, "Nothing," but later stated he was drinking at a sports club but that he was "ok to get home." The police officer asked Mr. Webb to perform field sobriety tests and he performed poorly on each task. Mr. Webb was placed under arrest for DUI 1st, and the officer asked him would he consent to chemical testing. Initially, Mr. Webb stated that he would consent to blood chemical testing, but once they arrived at the laboratory, Mr. Webb decided he no longer wanted to give blood. The police officer read the Implied Consent advisory to Mr. Webb and asked him again for consent to which he refused. Mr. Webb was also charged with violating the Implied Consent law.

5.  **The defendant shall refrain from any unlawful use of a controlled substance.**

   On January 21, 2014, Mr. Webb tested positive for marijuana use.

   Mr. Webb reported to the probation office on January 21, 2013, as part of the random drug testing program. He submitted a urine specimen which tested positive for marijuana. Mr. Webb denied new use. The specimen was sent to the laboratory for confirmation.

6.  **The defendant shall refrain from any unlawful use of a controlled substance.**

   On February 6, 2014, Mr. Webb tested positive for marijuana use.

   Mr. Webb reported to the probation office on February 6, 2014, as part of the random drug testing program. He submitted a urine specimen which tested positive for marijuana. Mr. Webb denied new use. The specimen was sent to the laboratory for confirmation.

7.  **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the U.S. Probation Office.**

   On February 19, 2014, Mr. Webb failed to participate in group substance abuse treatment at Centerstone, as directed.

   Mr. Webb was referred back to Centerstone Mental Health Center for a substance abuse treatment assessment and treatment after he tested positive for marijuana on December 12, 2013. He was recommended to participate in the weekly Low Intensity Outpatient Program, which meets once per week. He began treatment on January 15, 2014. According to the treatment counselor, Mr. Webb failed to attend treatment on February 19, 2014.

**8.**    **The defendant shall refrain from any unlawful use of a controlled substance.**

On February 26, 2014, Mr. Webb tested positive for marijuana use.

Mr. Webb reported to the probation office on February 26, 2014, as part of the random drug testing program. He submitted a urine specimen which tested positive for marijuana. Mr. Webb denied new use. The specimen was sent to the laboratory for confirmation.

**Compliance with Supervision Conditions and Prior Interventions:**

Shawn Lamont Webb began his term of supervised release on September 27, 2007; however, he had an outstanding state probation violation warrant which was served on September 28, 2007. He was released from state custody on June 24, 2009. His time on supervised release was tolled; thus, his term of supervision is scheduled to expire on June 22, 2014. Mr. Webb has been employed at Ingram, as a shipper, since December 1, 2012.

The probation officer spoke with Mr. Webb on January 8, 2014. He admitted to ingesting marijuana while at a family holiday gathering when he tested positive on December 12, 2013. He stated a family member made holiday treats such as cookies, cakes, brownies, and pies with marijuana oil in them. He consumed the treats and later tested positive for marijuana. Mr. Webb indicated that he has smoked a marijuana cigarette since consuming the marijuana laced treats. Mr. Webb was instructed to resume substance abuse treatment at Centerstone Mental Health on January 15, 2014.

The probation officer spoke with Mr. Webb on January 22, 2014. He stated he rode with a male friend to The Tin Roof restaurant, on January 18, 2014. Reportedly, another male friend bought him a few drinks as they socialized. After leaving The Tin Roof, at approximately 1:30 a.m., Mr. Webb was taken to his vehicle in east Nashville near his grandparents' residence. He does not reside far from his grandparents' residence. Mr. Webb advised the next thing he knew, he was pulled over by Sumner County Sheriff's Department and arrested for Driving Under the Influence at approximately 4:00 a.m. Mr. Webb could not articulate a reason for being in Sumner County nor does he remember driving there. He adamantly believes that he was drugged while at The Tin Roof. He related he denied the blood alcohol test because he is afraid of needles. Additionally, Mr. Webb denied new use of any illegal drugs since smoking marijuana in December 2013. Mr. Webb was instructed to continue substance abuse treatment at Centerstone Mental Health.

Since Mr. Webb's most recent positive drug test for marijuana, the probation officer has not been able to contact Mr. Webb to discuss his illegal drug use. The probation officer requested a nanogram level from the technician from Alere Toxicology Services. The technician opined Mr. Webb reused marijuana prior to the collections on January 8, 2014, January 21, 2014, and February 6, 2014.

Mr. Webb is on supervision with the Tennessee Department of Corrections Parole Division for Schedule II Drugs: Cocaine. His supervision is schedule to expire on January 13, 2017. However, in light of his most recent arrest for Driving Under the Influence, the state parole officer submitted a violation report to the parole board and a warrant was issued on February 26, 2014.

**Update of Offender Characteristics:**

There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**

It is respectfully recommend that a summons be issued for Shawn Lemont Webb so that he may appear before the Court to respond to the violations outlined above.

This matter has been reported to the Assistant U. S. Attorney who concurs with the recommendation.


Approved: _____
            Britton Shelton
            Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. SHAWN LEMONT WEBB, CASE NO. 3:13-00029

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** V

**ORIGINAL OFFENSE DATE:** PRE APRIL 30, 2003    VCCA PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 3 years (Class B felony) *18 U.S.C. § 3583(e)(3)* | 7-13 months *U.S.S.G. § 7B1.4* | No recommendation |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment *18 U.S.C. 3583(h)* | 2-5 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

**Statutory Provisions:** 18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(2), upon a finding a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

Kimberly Haney
U.S. Probation Officer

Approved: Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Shawn Lemont Webb

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:13CR00029 - 1

3. **District/Office** Middle District of Tennessee at Nashville

4. **Original Sentence Date** 01 / 08 / 2001
   month   day   year

5. **Original District/Office** Northern District of Georgia
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* 1:00-CR-00131-02

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| 1. Marijuana Use on 12/12/13 | C |
| 2. Failed to report for a random UA | C |
| 3. Marijuana Use on 01/08/14 | C |
| 4. Driving Under the Influence and Implied Consent | C |
| 5. Marijuana Use on 01/21/14 | C |
| 6. Marijuana Use on 02/06/14 | C |
| 7. Failed to participate in group substance abuse treatment | C |
| 8. Marijuana Use on 02/26/14 | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  [ C ]

9. **Criminal History Category** *(see §7B1.4(a))*  [ V ]

10. **Range of Imprisonment** *(see §7B1.4(a))*  [ 7-13 ] months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Shawn Lemont Webb

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) _____     Community Confinement _____

   Fine($)        _____     Home Detention         _____

   Other          _____     Intermittent Confinement _____

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: _____ to _____ years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from _____
   imprisonment:

14. **Departure**

   List aggravating and mitigating factors that may warrant a
   sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days